**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**LISA TAYLOR, as parent for, J.G.T.,**

Plaintiff,

v.

**NUTEK DISPOSABLES, INC.,**

Defendant.

Civil Action No. 7:15-CV-26 (HL)

## ORDER

This case is before the Court on Plaintiff's Motion to Remand. (Doc. 4). Plaintiff moves the Court to remand the case to the Superior Court of Colquitt County because the case does not satisfy the $75,000 jurisdictional requirement of 28 U.S.C. § 1332. Also before the Court is Defendant's Motion to Stay Proceedings or, in the Alternative, Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer, or, in the Alternative, Motion to Dismiss for Failure to State a Claim for Relief. (Doc. 5). Finding that Plaintiff has limited the recovery she seeks from Defendant to $65,000, including attorney's fees, the Court holds that it lacks subject matter jurisdiction over the instant action and grants Plaintiff's motion to remand. Defendant's motion is denied as moot.

On February 3, 2015, Plaintiff Lisa Taylor filed suit against Defendant Nutek Disposables, Inc. in the Superior Court of Colquitt County, Case Number 15-CV-44. Plaintiff, the mother of J.G.T., a minor child, alleges that as a result of

exposure to contaminated baby wipes manufactured by Defendant, her infant son developed a severe and persistent rash. (Doc. 1-1, ¶¶ 5-6, 8). Plaintiff asserts five claims against Defendant for negligence, strict liability, breach of implied warranty of merchantability, breach of implied and express warranties, and failure to warn. At the conclusion of each count, Plaintiff states that she suffered damages not to exceed $60,000. Then, in Paragraph 33 of the Complaint, Plaintiff states, "Plaintiff seeks recovery against Defendant for the entire case for an amount not to exceed $60,000." (Doc. 1-1, ¶ 33).

Defendant removed the case to this Court on March 6, 2015, alleging diversity jurisdiction pursuant to 18 U.S.C. § 1332 based on Defendant's contention that the amount in controversy exceeds $75,000, and that the parties have complete diversity of citizenship. Defendant asserts Plaintiff stated a separate claim for relief for $60,000 following each count; therefore the Court should aggregate the claims to calculate the total amount in controversy. See Pipes v. American Sec. Ins. Co., 1996 U.S. Dist. LEXIS 21788 (N.D. Ala. Feb. 29, 1996). Defendant further claims that even if Plaintiff's separate prayers for relief are not aggregated, reasonable attorney's fees should be included in the amount in controversy since O.C.G.A. § 13-6-11 permits recovery of litigation expenses and attorney's fees. Defendant avers that Plaintiff's legal fees for litigating this matter to conclusion likely will range from $19,800 under a contingency fee arrangement up to $48,000 for an hourly billing arrangement.

Plaintiff moves the Court to remand the case to the Superior Court of Colquitt County. The parties do not dispute that they are of diverse citizenship. Rather, Plaintiff shows that she limited the damages she seeks to $60,000 and argues that Defendant has not met its burden of showing to a legal certainty that the amount in controversy exceeds $75,000.

Under 28 U.S.C. § 1441(a), a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." The party seeking to remove a case bears the burden of proving the existence of federal jurisdiction at the time of filing the notice of removal. See Williams v. Best Buy Co., 262 F.3d 1316, 1319-20 (11th Cir. 2001). Removal statutes are strictly construed since "removal jurisdiction raises significant federalism concerns." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). "[A]ll uncertainties as to removal jurisdiction are to be resolved in favor of remand." Arrington v. Wal-Mart Stores, Inc., 2014 U.S. Dist. LEXIS 20962, at *2 (M.D. Ga. Feb. 20, 2014) (citing Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1996) ("Defendant's right to remove and plaintiff's right to choose his forum are not on

equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.”).

Diversity jurisdiction exists where the opposing parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The amount in controversy is determined based on the face of the complaint, “unless it appears or is in some way shown that the amount stated in the complaint is not claimed ‘in good faith.’” Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961). Deference shall be given to the value of the case assessed by plaintiff’s counsel. Burns, 31 F.3d at 1095. Thus, in order to avoid remand, the defendant must prove to a legal certainty that plaintiff’s claims exceed the jurisdictional requirement. Id.[1]

When assessing post-removal jurisdiction the court may consider post-removal evidence. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). However, “the jurisdictional facts that support removal must be

[1] Defendant argues that the legal certainty standard espoused in Burns is not the applicable standard in this case because Plaintiff has not unequivocally pled the amount of her damages. Defendant avers that Plaintiff’s claim for relief is indefinite and ambiguous; therefore the preponderance of the evidence standard applies. See Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (“Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.”). The Court finds Defendant’s argument strained. Plaintiff has clearly articulated the total damages she seeks to recover.

judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Id. (internal quotation and citation omitted).

The Court disagrees with Defendant's assessment that Plaintiff failed to plea a specific amount of damages. At the conclusion of each of her five counts, Plaintiff includes a separate claim for relief, stating her damages are not to exceed $60,000. (Doc. 1-1, ¶¶ 13, 17, 22, 27, 32). Standing alone, these five clauses appear to support Defendant's argument that the Court should aggregate the damages sought by Plaintiff. However, Plaintiff includes a final paragraph that confirms her intent to limit her recovery for all claims to $60,000: "Plaintiff seeks recovery against Defendant for the **entire case** for an amount **not to exceed** $60,000.00." (Doc. 1-1, ¶ 33) (emphasis added). The inclusion of this paragraph at the conclusion of Plaintiff's complaint provides a definitive statement of the total damages sought by Plaintiff and clarifies that she seeks no more than $60,000 in full satisfaction of the damages suffered as a result of Defendant's alleged conduct. The fact that the statement appears only one time and in summation of the claims previously asserted does not in the Court's opinion create ambiguity or render the amount of damages claimed by Plaintiff indefinite as argued by Defendant.

To further assuage Defendant's fears that Plaintiff may later seek or accept a judgment or settlement in excess of $60,000, Plaintiff provided affidavits both from herself and her attorney specifically limiting any recovery she may obtain.

(Docs. 7-1, 7-2). In her personal affidavit, Plaintiff testifies that at the time of filing her complaint, she intended only to seek $60,000 in damages for the entirety of her case. (Doc. 7-1, ¶ 2). She further states that she "will not accept a jury award for more than $60,000.00 for the entire case that means for all the counts combined." (Id.). Plaintiff's counsel likewise submitted an affidavit limiting any fees he may seek: "If Attorney's fees are sought in the above referenced action from the Defendant, I would not seek or accept Attorney's fees to exceed $5,000.00." (Doc. 7-2, ¶ 2).

Upon review, the Court is satisfied that Plaintiff has limited any recovery she may obtain as a result of this lawsuit to a total of $65,000, including both damages and attorney's fees. Defendant has not proved the contrary to a legal certainty. Accordingly, the Court concludes that the amount in controversy does not satisfy the $75,000 jurisdictional prerequisite and remands the case to the Superior Court of Colquitt County for further adjudication.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 4) is granted. The case is remanded to the Superior Court of Colquitt County. Defendant's motion for various forms of alternative relief (Doc. 5) is moot.

**SO ORDERED**, this 22nd day of May, 2015.

***s/ Hugh Lawson*** _______________

aks **HUGH LAWSON, SENIOR JUDGE**